## JOHN ISAACS *v.* WILLIAM WILLIS, Assignee, etc.

*On a Caveat for One Hundred Acres of Land.*

The plaintiff, on the 29th day of November, in the year 1786, entered the following caveat, to-wit:

" Let no grant issue to William Willis, assignee of Lewis Craig, who was assignee of Christopher Hudson, for 100 acres of land, surveyed by virtue of part of a military warrant, No. 248, lying and being in the county of Lincoln, because John Isaacs claims the same, or part thereof, by virtue of an entry made on a pre-emption treasury warrant."

The plaintiff claimed by virtue of the certificate and entries set forth in the last cause.

The defendant, under the following entry, made April 24, 1780, to-wit:

" William Willis, assignee of Lewis Craig, who was assignee of Christopher Hudson, enters 100 acres on the south side of Dick's river, including a large spring, about three-quarters of a mile from Teator's pre-emption, and a north-west course from said Teator's, to extend the same course for quantity."

The annexed plat, No. 9, was returned in this cause, of which the following is an explanation:

1, John Isaacs' improvement.  A B C D, John Isaacs' settlement survey.  C B E F G H I J K L M, John Isaacs' pre-emption of 1,000 acres as surveyed.  2, Fisher's spring; from thence to the cave spring, north 57½ east, 325 poles.  3, Barbee's, formerly Teator's spring; from thence north 46 east, 250 poles, to the cave spring.  4, the cave spring.  a b c d, William Willis' survey of 100 acres.  d, Teator's corner; north 3½ east, 48 poles, from thence to the cave spring.

BY THE COURT.—The defendant's survey of 100 acres is made contrary to his location, and the land is included within the plaintiff's entry on pre-emption warrant, as amended.  An entry on a pre-emption warrant may be amended as any other entry, if the amendment appropriates only land then vacant.

Judgment for plaintiff for 100 acres.